(No. 2888— ▮▮▮▮▮▮

ERNEST R. AMICK, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1941.*

EVAN L. SEARCY, for claimant.

GEORGE F. BARRETT, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant avers that he was in the employ of the State from July 1907 until October 1, 1935, and from July 1, 1931 to

July 1, 1933, he held the position of Chief Clerk and Statistician in the Department of Public Welfare, and for that two years the salary for said position as fixed by the Legislature was $4,000.00 per annum, but claimant was paid on the basis of $3,600.00 per year only.

The Bill of Particulars sets out the following:

*Provided by 57th General Assembly.*

| | | |
|---|---:|---:|
| 2 years at $4,000.00 per annum,..................... | $8,000.00 | |
| Less 10% by agreement 2/1/33 to 7/1/33, 5 months, being 5/12 of $400.00............................. | 166.67 | |
| | | $7,833.33 |

*Received by Claimant.*

| | | |
|---|---:|---:|
| 2 years at $3,600.00 per annum..................... | $7,200.00 | |
| Less 10% by agreement 2/1/33 to 7/1/33, 5 months, being 5/12 of $360.00............................. | 150.00 | |
| | | $7,050.00 |

| | |
|---|---:|
| Balance due claimant, being............................ | $ 783.33 |

Claimant is claiming a balance of $783.33.

It is stipulated by counsel that the claim is to be submitted to this court upon the complaint filed and a letter dated May 11, 1936 from Mr. A. L. Bowen, Director of the Department of Public Welfare, to the Attorney General to be included in the statement filed by respondent and such briefs and arguments as may be filed on behalf of the respective parties. This stipulation was signed May 19, 1936. The claim was filed April 28, 1936.

Mr. Bowen's letter dated May 11, 1936, is as follows:

"This will acknowledge a copy of claim No. 2888, made in behalf of Ernest R. Amick against the State of Illinois, on account of alleged salary due. For your information, this claim is the first reference the department has had in this matter.

In checking back the records, we find that on page 88 of the laws of Illinois, 57th General Assembly, 1931, the salary of the Chief Clerk and Statistician is set out at the rate of $4,000.00 per annum. We also find that the payrolls show that Mr. Amick was paid at the rate of $300.00 per month for this biennium until by agreement on February 1, 1933, the salary of $300.00 per month was reduced by 10%.

We are returning, herewith, the copy of claim No. 2888.

We are also sending you this letter in duplicate as per your letter of April 30th."

From this letter it appears that Mr. Amick was paid at the rate of $300.00 per month for the biennium until by agreement on February 1, 1933 his salary was reduced 10%. We know of no law that will prohibit parties accepting less money

than they had originally agreed upon. This is a claim for back compensation.

Section 19 of Article IV of the Constitution provides as follows:

The General Assembly shall never grant or authorize extra compensation fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law.

It will be recalled that this cut of 10% was made at a time of a great depression and was agreed to by the claimant and all other officers or employees of the State who were receiving above a certain amount. This claim presents the proposition as to whether or not an employee of the State who holds a position for which a specific amount has been appropriated as salary, or compensation, may continue in such position throughout the entire biennium for which the appropriation was made and receive a smaller amount payable semi-monthly than was so appropriated as such salary or compensation, and then when the biennium is ended bring suit for the difference between the amount appropriated and the amount received.

It is the general rule, however, that the legal right to the office carries with it the right of the salary or emoluments of the office. The salary follows the legal title. This doctrine is so generally held by the courts that authorities hardly need be cited. While this rule has been most frequently announced and applied in suits between de jure and de facto officers over the salary to an office, it is nevertheless a basic principle of law and one of general application.

Here, however, there was an agreement to accept less, an agreement no doubt actuated by financial status of the State and the Nation in general. If the claimant when in the service of the State had been an officer and not an employee, there seems to be no question but what he would have been entitled to the salary as fixed by law, but he was an employee and not an officer. Had he been an officer his salary could not have been included in the general appropriation of the Department of Public Welfare, but the salary would have had to be included in the bill appropriating salaries to other State officers. The Constitution provides that the bills making appropriation for the salaries of the officers of the State Government shall contain no provision of any other subject. (Sec. 16, Art. 4).

Having been paid on the basis of $3,600.00 per annum, and having accepted the vouchers without protest, he is now estopped from insisting that he is entitled to payment on the basis of $4,000.00 per annum.

Item 3 of Section 9, Chapter 127b of the Statutes, seems to provide directly that where payment is made for personal services the same "shall be construed as full payment for all services rendered between the dates specified in the payroll or other voucher."

Claimant relies upon *Farley* vs. *State*, 6 C. C. R. 538. The claimant in that case was allowed a claim. We do not regard that case as being in point, because in the case at bar the claimant seems to have agreed to accept a 10% cut.

Claimant also cites *Brinkerhoff* vs. *State*, 5 C. C. R. 271. In this case it appears that the employing officer "does not care to oppose the above claim" and the court "as a matter of equity and good conscience allowed the claim."

In the case last referred to, apparently the State waived any defense, and in *Fogarty* vs. *State*, 5 C. C. R. 349, the court found the Legislature intended the occupant of this position should receive $175.00 per month, and allowed an award for the difference between amount appropriated and the amount paid. Here again, it does not appear that the claimant had agreed to the cut, as in the case at bar.

In the case of *Isham* vs. *State*, 8 C. C. R. page 50, this court found that no complaint was made as to the manner in which claimant in that case performed her duties and that she had been assured by the Assistant Director on several occasions that she would be paid her salary at the rate of $200.00 per month as agreed, and it had been stipulated that the State of Illinois appropriated the sum of $2,400.00 for manager of the Chicago Office of the Division of Registration. When claimant could not get the salary that had been agreed upon, she left the employ of the State for the reason that she was only being paid $125.00 a month when she should have received $200.00 per month. Here, again, there had been no agreement to accept less than what the employee or claimant had agreed to take.

Because of the agreement of claimant to accept a reduction of 10% as his compensation, an award will be denied and the cause dismissed.